# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| YADIRA GALARZA-CRUZ,<br><br>**Plaintiff,**<br><br>v.<br><br>**GRUPO HIMA SAN PABLO, INC.** et al.<br><br>**Defendants.** | CIVIL NO. 17-1606 (PAD) |

## MEMORANDUM AND ORDER

Delgado-Hernández, District Judge.

Plaintiff Yadira Galarza-Cruz sued Grupo HIMA San Pablo, Inc., Jocar Enterprises, Inc., Centro Médico del Turabo, Joaquín Rodríguez, and Fernando Rodríguez under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq., and various Puerto Rico provisions (Docket No. 1).[1] Joaquín Rodríguez, Fernando Rodríguez, Grupo HIMA San Pablo, Inc., Jocar Enterprises, Inc. and Centro Médico del Turabo moved to dismiss under Rule 12)(b)(6) of the Federal Rules of Civil Procedure (Docket Nos. 16, 21 and 23).[2] Plaintiff opposed (Docket Nos. (Docket Nos. 32 and 33).

---

[1] To wit, Puerto Rico's general anti-discrimination statute, Law No. 100 of June 30, 1959, P.R. Laws Ann. tit. 29 §§ 146, et seq. ("Law 100"); Puerto Rico Law No. 17 of April 22, 1988, P.R. Laws Ann. tit. 29 § 155 et seq. ("Law 17"); Puerto Rico Law No. 69 of July 6, 1985, P.R. Laws Ann. tit. 29 § 1321 et seq. ("Law 69"); Puerto Rico Law No. 115 of December 20, 1991, 29 P.R. Ann. Stat. 194 et. seq. ("Law 115"); Puerto Rico's Unjust Discharge Act, Law No. 80 of May 30, 1976, P.R. Laws Ann. tit. 29 §§ 185a, et seq. ("Law 80"); Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 §§ 5141 and 5142; and Sections 1, 8 and 16 of Article II of the Puerto Rico Constitution.

[2] In their motion, defendants Grupo HIMA San Pablo, Inc., Jocar Enterprises, Inc. and Centro Médico del Turabo moved to dismiss the claims brought under Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 § 5141-5142 and Sections 1, 8 and 16 of the Puerto Rico Constitution with prejudice, arguing that those claims are based on the same acts that give rise to the asserted acts of discrimination, retaliation and wrongful discharge, covered by Title VII, and Law Nos. 17, 69, 100, 115, and 80; and, alternatively, that they are time-barred (Docket Nos. 23, 24 and 25). In response, plaintiff voluntarily moved to dismiss those claims against *all* defendants (Docket No. 31), asking that dismissal be without prejudice (id. at ¶ 3). Defendants opposed and insisted that dismissal with prejudice is warranted (Docket No. 37). Because those claims are essentially predicated on allegations covered by specific labor or employment statutes, plaintiff is barred from using the same conduct to also bring a claim under other provisions. Therefore, the Civil Code and constitutional claims will be dismissed with prejudice. See, Santana-Colón v. Houghton Mifflin Harcout Pub. Co., 81 F.Supp.3d 129, 140-141 (D.P.R. 2014)(discussing interplay of allegations and statutory coverage in dismissing claims under Articles 1802 and 1803 of the Civil Code); Soc. de Gananciales v. Royal Bank, 145 D.P.R 178, 206-209

Defendants replied (Docket Nos. 36 and 38). For the reasons explained below, the motions are granted.

## I. STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion, a complaint must allege a plausible entitlement to relief. Rodríguez-Vives v. Puerto Rico Firefighters Corps., 743 F.3d 278, 283 (1st Cir. 2014); Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 53 (1st Cir. 2013); Rodríguez-Ortiz v. Margo Caribe, 490 F.3d 92, 95 (1st Cir. 2007). Plausibility involves a context-specific task calling on courts to examine the complaint as a whole, separating factual allegations (which must be accepted as true) from conclusory allegations (which need not be credited). García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013); Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir.2012). Even though detailed factual allegations are not required, more than labels and conclusions are needed. Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not shown – that the pleader is entitled to relief. Ashcroft v. Iqbal, 556 U.S. 663, 678 (2009).

## II. DISCUSSION

### A. Joaquín Rodríguez (Docket No. 16)

Joaquín Rodríguez moved to dismiss claiming he is not individually liable under Title VII and Puerto Rico Laws 17, 69, 100, 115 and 80. He states the complaint does not contain any allegations of sexual harassment committed by him, and that all of the alleged acts of sexual

---

(1998)(dismissing claim under Sections 1 and 8 of Article II of Constitution); García Bevanente v. Aljoma, 162 D.P.R. 572, 595 (2004)(dismissing claim under Section 16 of Article II of Constitution).

harassment included in the complaint were allegedly committed by co-defendant Fernando Rodríguez.

### (i) Individual liability under Title VII and Puerto Rico Law 80

Faced with the motion to dismiss, plaintiff conceded there is no individual employee liability under Title VII, clarifying that her Title VII action "[was] asserted only against the corporate defendants" (Docket No. 32 at p. 4). The same is true with respect to her claims under Law 80, as she also acknowledged that supervisors are not employers under the law and stated the claim was asserted "only against the corporate defendants." Id. at p. 7. As such, the Title VII and Law 80 claims against Joaquín Rodríguez must be dismissed.

### (ii) Individual liability under Puerto Rico Laws 17, 69, 100 and 115

Unlike Title VII, the Puerto Rico Supreme Court has held that a supervisor in a sexual harassment action brought under Law 17, Law 69, and Law 100 may be sued in his individual capacity for his own acts. See, Bonilla-Ramirez v. MVM, Inc., 2016 WL 2992106, *4-*6 (D.P.R. May 23, 2016)(so acknowledging while noting a split between different panels of the Puerto Rico Court of Appeals on whether individual liability under Law 100 extends beyond sexual harassment). While Joaquín Rodríguez acknowledges the statutes provide for individual liability, he asserts liability attaches to a supervisor who partook in the prohibited discriminatory acts alleged in the complaint (Docket No. 16 at pp. 4-5 and Docket No. 38 at pp. 3-4). However, he states that all the acts of alleged sexual harassment are addressed to defendant Fernando Rodríguez, and for the same reason, he is not individually liable for the acts allegedly committed by the other co-defendant.

The complaint identifies Joaquín Rodríguez as a shareholder "or" officer of Grupo HIMA San Pablo, Jocar Enterprises, Inc. and Centro Médico del Turabo (Docket No. 1 at ¶ 24); brother

of the alleged harasser (id. at ¶ 71); President of the Board of Directors to whom plaintiff notified in writing of the alleged harassment after feeling "helpless with the situation" (id. at ¶ 67); who made the decision to terminate plaintiff's employment in *retaliation* for not accepting her supervisor's unwelcome sexual advances, requests for sexual favors, and for opposing defendants' unlawful employment practices (id. at ¶¶ 69 and 71); and held a meeting with some employees that were under plaintiff's direct supervision to inform them of his decision to terminate plaintiff employment and further "humiliated, ashamed, dishonored, disgraced, demeaned and embarrassed plaintiff…" (id. at ¶ 72).

Taken as true, the actions undertaken by Joaquín Rodríguez, including the decision to discharge plaintiff encompass alleged retaliatory – not discriminatory – actions under Law 115. So viewed, the complaint is insufficient to plausibly support a discrimination claim against Joaquín Rodríguez under Law 100. And the Law 115 claims against him suffer the same fate because the Puerto Rico Supreme Court recently held that individual liability is not available under this provision. See Santiago Nieves v. Braulio Agosto Motors, Inc., 197 D.P.R. 369, *6 (2017).[3] With that in mind, the Law 100 and Law 115 claims against Joaquín Rodríguez must be dismissed.

**B. Fernando Rodríguez (Docket No. 21)**

Co-defendant Fernando Rodríguez separately moved to dismiss the claims against him under Title VII and Law 115 on the grounds that no individual liability attaches to individuals under these statutes (Docket No. 21). In response, plaintiff agreed with Mr. Fernando Rodríguez' position regarding the lack of individual liability under Title VII but reiterated the arguments

---

[3] Plaintiff so acknowledges, directing the court's attention to cases in this district *pre* Santiago-Nieves holding that individual liability against a supervisor who retaliates against an employee is contemplated by Law 115 (Docket No. 33 at ¶ 9). She further ". . .leaves it to the discretion of the [c]ourt whether to follow [those] rulings or adopt the recent holding of the Puerto Rico Supreme Court." Id. at ¶¶ 11-12. The Puerto Rico Supreme Court is the final authority on interpretations of state law. See, Fidelity Union Trust Co. v. Field, 311 U.S. 169, 177 (1940).

already considered with respect to Law 115. Hence, the Title VII and Law 115 claims against Fernando Rodríguez must be dismissed.

### III. CONCLUSION

In view of the foregoing, the motion to dismiss at Docket Nos. 16, 21, 23, 24 and 25 are GRANTED. The following claims are dismissed:

(i) Claims against Joaquín and Fernando Rodríguez under Title VII;

(ii) Claims against Joaquín and Fernando Rodríguez under Law 115;

(iii) Claims against Joaquín Rodríguez under Law 17, Law 69 and Law 100;

(iv) Claims under Articles 1802 and 1803; and

(v) Claims under Sections 1, 8 and 16 of the Puerto Rico Constitution.

An Order for the parties to file a Joint Proposed Schedule will follow.

**SO ORDERED.**

In San Juan, Puerto Rico, this 8th day of January, 2018.

                                                       s/Pedro A. Delgado-Hernández
                                                       PEDRO A. DELGADO HERNANDEZ
                                                       U.S. DISTRICT JUDGE